## J. T. Francis, Appellee, v. W. H. Bridges et al., Appellants.

1. DECREES—*when recitals conclusive as to jurisdiction of parties.* Upon collateral attack, a decree which recites that the court had jurisdiction of the subject-matter and of the parties is conclusive upon the question of the jurisdiction of the court of the persons of such parties.

2. DECREES—*how far conclusive.* A decree not appealed from is binding and conclusive upon the parties thereto and all persons claiming under or through them after the institution of the suit resulting therein and service upon such parties.

Petition for writ of assistance. Appeal from the Circuit Court of Massac county; the Hon. W. W. DUNCAN, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed February 11, 1910.

O. R. MORGAN, for appellants.

FRED SMITH and H. A. EVANS, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Massac county granting a writ of assistance against appellant, Joe Sanders.

At the January term of said court, 1909, appellee filed a bill to foreclose a chattel mortgage executed by appellant Bridges to appellee upon a pair of horses. At the same term there was a decree of foreclosure against Bridges. At the April term following, the attorney for appellee filed a petition reciting the decree of foreclosure and alleging that at the time of entering the decree the property covered by the mortgage was in the possession of Bridges; that when a demand pursuant to the decree had been made upon him, he immediately took the property out of Massac into Johnson county and turned it over to one O. R. Morgan who in turn transferred it to appellant Sanders who lived in Johnson county; that Morgan had

full knowledge of the decree and the demand on Bridges. The petition prayed a citation to Sanders to show cause why a writ of possession should not issue against him for the property. Appellant Sanders answered the petition, setting up that the mortgage became due October 1, 1908; that the bill to foreclose was filed October 7, 1908; that appellee did not take possession of the property; that it remained in possession of the mortgagor from the 1st until the 9th of October, during which time the property was in possession of Bridges in Massac county; that on October 9th Bridges confessed a judgment for $163.46 in favor of O. R. Morgan before a justice of the peace in Johnson county upon which execution was sworn out which was on the same day levied on the horses; that the horses were advertised and sold by virtue of the execution to said Morgan for $225; that Sanders purchased the horses from Morgan in good faith for a valuable consideration without notice of any suit concerning them; that Morgan had no such knowledge until after the horses had been levied upon by the constable; that he, Sanders, denies Bridges was in possession of the horses when the decree was rendered or that he had been in possession since October 9, 1908, and that Morgan's debt was legal and valid and he purchased the horses in good faith.

Appellant Bridges also answered denying he was ever served with summons in the foreclosure suit, or that he was in possession of the property at the time the decree was rendered or had been since October 9, 1908; that on that date Morgan recovered a valid judgment against him before a justice of the peace in Johnson county upon which on the same day execution was issued and levied on the property and that he had not had possession since that day. He further answered denying he turned the property over to Morgan; that appellee never took possession of the property under the mortgage which was due October 1,

1908, although the property remained in his (Bridges) possession in Massac county, until October 9, 1908.

Replications were filed, evidence heard and the court entered a decree reciting the decree of foreclosure of the mortgage in which the master was directed to sell the property if the amount found due was not paid within ten days and finding the bill to foreclose was filed October 7, 1908, and that service of summons was had on Bridges October 8, 1908; that after service of process on Bridges, he removed the property out of Massac county and delivered it to O. R. Morgan who received it *pendente lite* and who thereafter delivered it to Joe Sanders who was in possession; that the filing of the bill and summons upon Bridges constituted a lien on the property in favor of appellee Francis. It was therefore ordered that a writ of assistance issue against Sanders and all persons claiming under him commanding him to deliver to the officer of the court on demand the property.

The evidence showed appellant Bridges had possession of the horses in Massac county until October 9, 1908, when he took them to Johnson county where they were levied upon to satisfy an execution issued upon a judgment in favor of O. R. Morgan; that they were sold under the execution to Morgan who afterwards transferred them to appellant Sanders. The suit to foreclose the mortgage on the horses was filed by appellee on October 7th and the evidence in this record shows service of summons on Bridges on October 8, 1908.

It is insisted, first, there never was any legal service of the summons on Bridges in the foreclosure proceeding; that it was served by A. A. Sharp, special deputy sheriff, and that there is no evidence in the record that Sharp was legally appointed special deputy as his appointment by the sheriff is not endorsed on the writ itself.

The decree of foreclosure was rendered at a term of court prior to that which granted the writ of assist-

ance from which decree there was no appeal or writ of error prosecuted to review that record, and it remains unchallenged and is not before us except in so far as any material matters in such former cause have been introduced in evidence and made part of the bill of exceptions. There was no evidence in this proceeding of any want of service on Bridges in the foreclosure suit. The only reference to such service in evidence and preserved by the bill of exceptions is contained in the decree which was introduced in evidence. The decree recites the court had jurisdiction of the subject-matter and the parties and since this appeal from the order of the court granting the writ of assistance does not bring before us for review the proceedings in the foreclosure suit not introduced in evidence in this case, the recitals in the decree are conclusive upon the question of jurisdiction of the person of Bridges.

The bill to foreclose was filed on October 7, 1908, and it appears from the decree of foreclosure in evidence that service was had on Bridges October 8, and it further appears from the evidence that he took the horses out of Massac into Johnson county October 9, where they were afterwards levied upon and subsequently transferred to appellant Sanders. The decree rendered was binding and conclusive upon Bridges and all persons claiming under him or through him after the suit was brought and service had on Bridges. McCauley et al. v. Rogers et al., 104 Ill. 581.

The court had jurisdiction of the subject-matter and of Bridges and as Sanders' claim of title to the property was derived through or under Bridges, he is bound by the decree.

Upon a careful consideration of the evidence we are of opinion appellee did not lose his lien by a failure to take possession of the property after the mortgage became due. There was an effort to do so in apt time but Bridges refused to give it up. Moreover, the lien

was preserved by the *lis pendens* before the rights of any third party intervened.

We are of opinion there was no error in granting the writ of assistance and the order of the Circuit Court is affirmed.

*Affirmed.*

Mr. Justice Duncan took no part in the consideration of this case.